### No. 745
### EAST CLEVELAND (City) v. Board of EDUCATION

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5115.   June 23, 1924

801. MUNICIPAL LAW—City ordinance passed under powers in charter does not override a provision of the Gen. Code relating to public schools.

1060. SCHOOLS—3963 GC. held constitutional and paramount over conflicting city ordinance.

LEVINE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas, wherein the City of East Cleveland, plaintiff, sought to recover fro mthe Board of Education of the School District of East Cleveland, defendant, for water furnished by plaintiff to defendant, and used and consumed by defendant. The petition declared that the city had adopted a charter in 1918 and that pursuant to the powers enumerated in the charter had passed an ordinance providing that schools should pay water rent. 3963 GC. provides that no charge shall be made by a city for supplying water for the use of the public school buildings in such city.

Defendant demurred to the petition and the Common Pleas sustained the demurrer, to which ruling the City prosecuted error, contending (1) that the ordinance of the city overrules 3963 GC. because by the home rule amendment to the constitution, being Sec. 3, Art. XVIII, a city adopting a charter derives its power of local self government from the constitution and acquires the same power to legislate that the General Assembly has, and the charter repeals statutes conflicting therewith, and (2) that 3963 GC. is unconstitutional because since municipalities and schools are creatures of the constitution and are each separate and distinct organizations, the legislature has no power to force one independent taxing district to levy taxes to provide water for the use of another taxing district. The Court of Appeals held:

1. Art. 6, Secs. 2 and 3, of the Ohio Constitution provides that the General Assembly may provide for a thorough and efficient system of public schools throughout the state. The right of the city under its charter to legislate concerning "all powers of local self government" does not extend to matters relating to the public schools, which are a part of one system of public schools for the entire state. Therefore the city ordinance does not override 3963 GC.

2. 3963 GC. is constitutional. Judgment affirmed.

Attorneys—E. A. Binyon, Dir. of Law, for City; Arthur H. Wicks, for Board; both of Cleveland.